[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14136

_____

D.C. Docket No. 04-03243-CV-CAP-1

COREY AIRPORT SERVICES, INC.,

                                        Plaintiff-Appellee,

versus

THE CITY OF ATLANTA, et al.,

                                        Defendants,

BEN DECOSTA, et al.,

                                        Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(May 24, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and ALBRITTON*, District
Judge.

_____

* Honorable William H. Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

PER CURIAM:

At issue in this appeal is the district court's ruling that individual Appellant Defendants were not entitled to have the complaint dismissed on the basis of qualified immunity. After oral argument and careful review of the briefs and relevant parts of the record, we conclude that the judgment of the district court is due to be affirmed.

In 2002, Appellee Corey Airport Services ("Corey") participated in a Request for Proposal (RFP), originated by the City of Atlanta, in an attempt to win the advertising contract for Hartsfield-Jackson International Airport in Atlanta. The city received bids from Corey and two other companies, one of which was Clear Channel Airports ("Clear Channel"), the eventual winner.

Corey alleges that the city, through its agents, manipulated the bidding process to ensure that Clear Channel would be selected. In November 2004, Corey filed a Complaint in the Northern District of Georgia against twenty-four defendants, including the City of Atlanta, the Mayor of Atlanta, and numerous city officials. In a mixture of state and federal claims, the complaint alleged wrongdoing on several fronts to include: bid rigging, anti-trust violations, tortious interference with business relationships, and §§ 1983 and 1988 claims for equal protection violations and conspiracy to violate plaintiff's equal protection rights.

2

Each of the individuals named as a defendant moved to dismiss all claims in the complaint. In July 2005, the district court dismissed all claims against only one defendant and granted in part, and denied in part, the motions to dismiss of the other defendants. The court dismissed all of the state claims and most of the federal claims, but denied the motions to dismiss regarding Corey's equal protection and conspiracy to violate equal protection claims under 42 U.S.C. §§ 1983 and 1988. In denying the motions, the court ruled that the individual city defendants were not entitled to qualified immunity at this stage of the proceedings.

We review a district court's denial of a motion to dismiss based on qualified immunity de novo. Chester v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001). Because this is an appeal from the denial of a motion to dismiss, the amended complaint's allegations must be taken as true and read in the light most favorable to the plaintiffs. Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A., 711 F.2d 989, 994-95 (11th Cir.1983); Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992).

"Where it is not evident from the allegations of the complaint alone that the defendants are entitled to qualified immunity, the case will proceed to the summary judgment stage, the most typical juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of

3

further litigation." <u>Johnson v. Breeden</u>, 280 F.3d 1308, 1317 (11th Cir. 2002). We agree with the district court's conclusion that Corey has made sufficient allegations connecting the individual defendants to violations of Corey's equal protection rights to withstand a motion to dismiss and for the individual defendants to move to the next stage of litigation.

For the foregoing reasons we affirm the decision of the district court.

**AFFIRMED**.